In re Robert Wilson RAYMOND, Karen Sue Raymond, Debtors.

Bankruptcy No. 2–87–03504.

United States Bankruptcy Court, S.D. Ohio, E.D.

May 4, 1989.

Mitchel D. Cohen, Lloyd Cohen, and M. Cohen & Associates, Columbus, Ohio for debtors.

Reginald W. Jackson, Randall D. LaTour, and Vorys, Sater, Seymour & Pease, Columbus, Ohio, for Navistar Financial Corp.

Frank M. Pees, Worthington, Ohio, Chapter 13 trustee.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio, Asst. U.S. trustee.

## OPINION AND ORDER ON MOTION FOR RELIEF FROM STAY

R. GUY COLE, Jr., Bankruptcy Judge.

This matter is before the Court upon the Motion for Relief from Stay ("Motion") filed by Navistar Financial Corporation ("Navistar") and the debtors' opposing memorandum. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding which the Court may hear and determine in accordance with 28 U.S.C. § 157(b)(1) and (2)(G). The following opinion and order shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

The facts underlying Navistar's Motion are largely undisputed. Debtors filed a petition under Chapter 13 of the Bankruptcy Code on August 10, 1987. Their Chapter 13 plan was confirmed by this Court on January 29, 1988. Debtors' confirmed Chapter 13 plan provides for the payment of $1,481 per month to the Chapter 13 Trustee ("Trustee"), payment in full of secured and priority unsecured obligations and a 100% dividend to holders of allowed unsecured claims.

Navistar is the holder of a secured claim against the estate. Navistar's claim is collateralized by a 1982 International Harvester 4300 Tractor (the "Truck") upon which

Navistar holds a valid first lien. Debtors concede that during the past several months their payments to the Trustee have been partial and sporadic. Debtors' default in making full plan payments resulted from Robert Raymond's inability to earn income as an over-the-road truck driver due to his recent health problems and eventual hospitalization. Mr. Raymond's good health has returned, he is back to work, and Debtors are now in a position, Karen Raymond says, to cure their default under the plan. In that regard, they have tendered a $1,000 payment to the Trustee. Debtors propose to make their required monthly payment and an additional payment of $500 each month until the arrearage is cured entirely.

Navistar seeks relief from stay pursuant to 11 U.S.C. § 362(d)(1)[1] which provides as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; ....

According to Navistar, two separate and independent grounds for relief from stay exist. First, Navistar asserts that its lien interest in the Truck lacks adequate protection. Second, it is entitled to relief from stay as a matter of law, Navistar argues, due to the debtors' failure to make regular monthly payments to the Trustee under the terms of their confirmed plan. Each of these independent grounds for relief from stay shall be examined below.

### Lack of Adequate Protection

■ The Bankruptcy Code provides that, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold or leased, the court shall prohibit or condition such use, sale or lease as is necessary to provide adequate

protection of such interest. 11 U.S.C. § 363(e). Generally speaking, the trustee (or debtor in possession) has the burden of proof on the issue of adequate protection. The request contemplated by § 363(e) is typically made pursuant to § 362(d), i.e., a motion to terminate, annul, modify or condition the automatic stay for cause, including the lack of adequate protection of an interest in property. This Court has previously analyzed the allocation of the burden of pleading and proof in stay litigation. See, In re Planned Systems, Inc., 78 B.R. 852 (Bankr.S.D.Ohio 1987). In that case the Court stated as follows:

> Under the Bankruptcy Code, the burden of proof in stay litigation is governed by 11 U.S.C. § 362(g), which provides:
>
> > (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
> >
> > > (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
> > >
> > > (2) the party opposing such relief has the burden of proof on all other issues.

Although § 362(g) allocates the ultimate burden of proof, it is silent as to the burden of producing evidence. FSFG Service Corp. v. Kim (In re Kim), 71 B.R. 1011, 1015 (Bankr.C.D.Cal.1987).... The case law establishes that a party seeking relief from stay under § 362(d)(1) is required to establish a prima facie case for such relief.... After the moving party establishes a prima facie case, the burden of producing evidence, as well as the ultimate burden of proof i.e., risk of nonpersuasion, shifts to the debtor.... Collier notes that by placing the initial burden of establishing a prima facie case on the moving party —i.e., a showing of cause must be made by the party requesting relief under § 362(d)(1)—the practice under the former Act and Rules is, to some extent,

---

**1.** Navistar did not argue that it was entitled to relief from stay under 11 U.S.C. § 362(d)(2). Presumably Navistar does not dispute the fact

that the Truck is "reasonably necessary to an effective reorganization" of the debtors.

followed. 2 *Collier on Bankruptcy* ¶ 362.10, at 362–65 (15th ed. 1986).

78 B.R. at 858–59. With respect to the *prima facie* case requirement shouldered by the party seeking relief from stay, this Court added as follows:

> While Bankruptcy Courts have generally agreed that a party seeking relief under § 362(d)(1) must initially establish a *prima facie* case, there is some degree of disagreement regarding precisely what this burden of establishing a *prima facie* case entails. Several courts have held that a moving party, in order to make out a *prima facie* case, need only adduce evidence establishing the validity and perfection of its security interest, as well as the amount of the debt and other allowable costs and expenses secured by its claim....
>
> ....
>
> The Court believes, however, that ... a minimalist approach to the cause requirement of § 362(d)(1) ignores the historical meaning of the phrase "proving a *prima facie* case." Accordingly, the Court holds that a party seeking relief under § 362(d)(1), in order to make out a *prima facie* case, must do more than merely prove that it holds a validly-perfected security interest and establish the amount of the debt and other allowable costs secured by its claim. In order to make a *prima facie* case under § 362(d)(1), and thereby shift the burden of proving that the secured creditor's interest is adequately protected to the debtor, the movant must establish a legally sufficient basis, *i.e.,* cause, for relief.

78 B.R. at 859–60.

Counsel for Navistar suggested in his argument that its lack of adequate protection constituted cause for relief from stay pursuant to 11 U.S.C. § 362(d)(1). With respect to the concept of adequate protection, which is illustrated but not defined in 11 U.S.C. § 361, this Court has stated:

> The concept of adequate protection is derived from the fifth amendment protection of property interests. *See, Wright v. Union Central Life Ins. Co.,* 311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. 184 (1940); *Louisville Joint Stock Land Bank v. Radford,* 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935). The principle of adequate protection reconciles the competing interests of the debtor, who needs time to reorganize free from harassing creditors, and the secured creditor, on the other hand, who is entitled to constitutional protection for its bargained-for property interest. *See,* H.R. Rep. No. 95–595, 95th Cong., 1st Sess. (1977), 1978 U.S.Code Cong. & Admin. News, p. 5787. *In re Jug End In The Berkshires, Inc.,* 46 B.R. 892 (Bankr.D. Mass.1985). Although the notion of adequate protection is derived from constitutional grounds, it also encompasses sound policy considerations. Secured creditors should not be deprived of the benefit of their bargain. *Id.* at 899; *In re Winslow Center Associates,* 32 B.R. 685, 688 (Bankr.E.D.Pa.1983). Thus, by providing the creditor with a means of protection for its interest, adequate protection permits the debtor to continue his reorganization free from the harshness of a relief from stay. *In re Jug End In The Berkshires, Inc.,* 46 B.R. at 899.
>
> In the relief-from-stay context, adequate protection includes protecting the secured creditor from any decrease in the value of the secured creditor's interest in the collateral caused by the imposition of the automatic stay. With respect to the automatic stay, "Congress believed the existence *vel non* of such a decline [in the secured creditor's collateral] to be almost decisive in determining the need for adequate protection." *In re Saypol,* 31 B.R. 796, 800 (Bankr.S.D.N.Y.1983). Accordingly, ... [the secured creditor] may make out a *prima facie* case, or cause, for relief under § 362(d)(1), if it can establish that debtor has not provided ... [the secured creditor] with compensation for any decrease in value of the ... [collateral], since the petition date, which is attributable to the stay.

*Planned Systems,* 78 B.R. at 861–62 (footnotes omitted).

Under the principles enunciated in *Planned Systems* and the cases cited

therein, Navistar plainly failed to establish a *prima facie* case for relief: it simply produced no evidence to demonstrate lack of adequate protection. While counsel for Navistar asserted in opening argument that its lien interest was declining in value, no evidence was presented with respect to the value of the Truck as of the petition date or the date of the hearing. Thus, the record is silent as to any decline in the value of Navistar's lien interest as a result of the automatic stay. In fact, the only evidence received regarding the value of the Truck was the opinion testimony of Karen Raymond, which the Court found to be of little or no probative value. Likewise there was no allegation that Navistar's interest in the Truck was not adequately protected because of the absence of required physical damage and hazard insurance or proper vehicle maintenance, common allegations made by secured creditors in cases of this sort. To the contrary, Karen Raymond's testimony established that the Truck is regularly maintained and is in good working order. In short, Navistar's first argument—that it is entitled to relief from stay due to the lack of adequate protection—fails of evidentiary support.

### Failure to Make Plan Payments

■ Navistar's alternative argument is as follows: Because debtors have failed to make all regularly-scheduled monthly payments to the Chapter 13 trustee, cause for relief from stay under § 362(d)(1) of the Bankruptcy Code is established as a matter of law. In support of this proposition Navistar cites Judge Bufford's recent decision in *Lomas Mortgage USA, Inc. v. Elmore (In re Elmore)*, 94 B.R. 670 (Bankr.C.D. Calif.1988). A close reading of the *Elmore* decision reveals that it does not establish the broad proposition which Navistar suggests. In *Elmore*, the court found that the debtor's failure to make regular monthly mortgage payments directly to a secured creditor as called for by his plan constituted cause for relief from stay under § 362(d)(1). The debtor in *Elmore* neglected to make 18 monthly post-confirmation mortgage payments under his plan. Given the extent of debtor's default, the *Elmore*

court found that cause for relief from stay was established. Navistar's assertions to the contrary notwithstanding, *Elmore*, as well as other purported decisions addressing this issue—*see e.g., Ellis v. Parr (In re Ellis)*, 60 B.R. 432 (9th Cir.BAP 1985) (failure to make post-confirmation payments *can* constitute cause for lifting the stay); *Matter of Quinlan*, 12 B.R. 516, 517 (Bankr.W.D.Wis.1981) (*unexcused* failure to make payments pursuant to confirmed Chapter 13 plan constitutes material default which is "cause for relief from stay"); *Federal Nat. Mort. Assoc. v. Moore (In re Shahid)*, 27 B.R. 673, 674–75 (Bankr.S.D. Ohio) (cause established for relief from stay due to post-confirmation default given "formidable" size of arrearage)—do not establish a *per se* rule that failure to make post-confirmation payments under a Chapter 13 plan *ipso facto* establishes cause for relief from stay under 11 U.S.C. § 362(d)(1). Rather, *Elmore* and the other cases cited above involve a fact-specific analysis: an examination of all the circumstances surrounding the default, including a determination as to the materiality of the default, must be made on a case-by-case basis.

■ Here, the Court concludes that debtors' sporadic post-confirmation payments over the past several months do not rise to the level of "cause" for relief from stay under 11 U.S.C. § 362(d)(1). In contrast to the *Elmore* and *Shahid* cases, where the debtors accumulated large plan arrearages by failing to make numerous post-confirmation payments, here, given the incomplete state of the record, the Court cannot determine the substantiality of debtors' default under their plan. No evidence was presented as to the exact number of plan payments debtors have failed to make. Nor is there evidence establishing the amount of debtors' postconfirmation arrearage. The testimony of Karen Raymond and Michael Kelly, Navistar's Zone Representative, taken together, suggests that debtors have made sporadic payments over the last four (4) months. Yet, as stated above, the size of the arrearage and the amount of debtors' partial payments

were not established. Nor did Navistar indicate the sum it was to receive on a monthly basis from the Trustee under the plan. Hence, while the Court is not unsympathetic to Navistar's position—it clearly has not received the full payments contemplated by the plan over the past several months—on the record before it the Court is simply unable to assess the substantiality of debtors' default.

In sum, based on the evidence of record, the Court concludes that debtors' irregular payment history over approximately the last four months does not, as a matter of law, constitute cause for relief from stay under § 362(d)(1) of the Bankruptcy Code. Accordingly, Navistar's second asserted ground for relief from stay is hereby rejected.

While the Court is unable to determine the amount of payments made by the Debtors since confirmation of their plan, the Court presumes that the Trustee or another party in interest will file an appropriate motion if there is a material default under the plan. The Court further construes Karen Raymond's testimony as an offer to cure the Debtors' arrearage under the plan. Accordingly, the Debtors are hereby ordered to cure their plan arrearage within a reasonable period of time or seek court modification of their plan if they are unable to comply with its terms. Navistar is permitted, by law, to request relief under 11 U.S.C. §§ 362(d) or 363(e) at any time.

Based upon the foregoing, the motion for relief from stay filed by Navistar Financial Corporation is hereby DENIED.

IT IS SO ORDERED.