**In re JOHNSON RUBBER COMPANY, INC., Debtor.**

**No. 07–19391.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

July 30, 2008.

David M. Neumann, Scott B. Lepene, William I. Kohn, Benesch Friedlander Coplan & Aronoff, Cleveland, OH, for Debtor.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

Before the Court are the Motions of General Electric Capital Corporation ("GE Capital"), Maxus Capital Group, LLC ("Maxus Capital"), U.S. Molding Machinery Company, Inc. ("US Molding") and Winthrop Resources ("Movants") for Allowance and Payment of Administrative Expense Claims. The Debtor opposes the relief sought. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order No. 84 of this District. This is a core proceeding pursuant to 11 U.S.C. § 157(a)(2)(B) and (O). After considering the parties' pleadings, and conducting a hearing, the Court rules as follows:

*

Movants seek payment of administrative expense claims pursuant to 11 U.S.C. § 503(b) as follows: 1) GE Capital in the amount of $26,489.42; 2) Maxus Capital in the amount of $11,413.92; 3) U.S. Molding in the amount of $56,280.00; and 4) Winthrop Resources in the amount of $15,673.19. The Debtor objects to the allowance of these amounts as administrative expense claims.

The following facts appear undisputed: Each of the Movants leased certain equipment to the Debtor, prepetition, which the Debtor used in its business operations, postpetition. The monthly rental amount was due on the first of the month. The Debtor filed its Chapter 11 petition on December 11, 2007. The Debtor began paying postpetition rent to the Movants effective January 1, 2008 through the effective date of its rejection of the various leases. The Movants now seek administrative expense status for the 20–day period from the petition date to January 1, 2008 ("stub rent").[1]

* *

The Movants allege that they are entitled to an administrative expense claim for the stub rent pursuant to 11 U.S.C. § 503(b) because use of their equipment benefitted the estate. Debtor responds that the stub rent can only be an unsecured claim because rent for the month of December fell due pre-petition and that the Sixth Circuit does not provide for the pro-ration of rent.

* * *

The dispositive issue for the Court is whether Movants have satisfied the requirements for administrative expense claims pursuant to 11 U.S.C. § 503(b).

* * * *

 Section 503 of the Bankruptcy Code addresses the requirements for the allowance of administrative expenses and provides, in pertinent part:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered *after* the commencement of the case; ...

11 U.S.C. § 503(b)(1)(A). The two-part test in the Sixth Circuit to determine whether a claimed expense should receive administrative expense status pursuant to § 503(b) is 1) whether the debt arose from a transaction with the bankruptcy estate, and 2) whether such transaction directly

---

1. The parties have defined "stub rent" as the period from the petition date, December 11, 2007 through December 31, 2007.

and substantially benefitted the estate. *In re Sunarhauserman, Inc.* 126 F.3d 811, 816 (6th Cir.1997). Under this test, "[i]t is an *absolute* requirement for administrative expense priority that the liability at issue arise post-petition." *Id.* at 817. A creditor "provides consideration to the bankruptcy estate only when the debtor-in-possession induces the creditor's performance and performance is rendered to the estate. If the inducement came from a pre-petition debtor, then consideration was given to that entity rather than to the debtor-in-possession." *In re White Motor Corp.,* 831 F.2d 106, 110 (6th Cir.1987).

■ Administrative expenses under § 503(b) "should be narrowly construed in order to maximize the value of the estate preserved for the benefit of all creditors." *In re United Trucking Service,* 851 F.2d 159, 164 (6th Cir.1988) (citations omitted). The applicant bears the burden of proving its entitlement to an administrative expense award under 11 U.S.C. § 503(b) and it must demonstrate by a preponderance of the evidence that a substantial contribution was made. *In re Buttes Gas & Oil Co.,* 112 B.R. 191, 193 (Bankr.S.D.Tex. 1989). *See also In re Visi–Trak, Inc.,* 266 B.R. 372, 374 (Bankr.N.D.Ohio 2001). If the applicant makes a prima facie showing of entitlement to administrative expense status, the burden of production shifts to the objector. *In re Primary Health Services, Inc.,* 227 B.R. 479, 484 (Bankr. N.D.Ohio 1998).

\* \* \* \* \* \*

■ The Movants explain at great length in their respective papers that the Debtor's estate benefitted from the postpetition use of their equipment and argue,

therefore, that they are entitled to an administrative expense claim. However, the test for an administrative expense claim is two-fold and the Movants fail to meet their burden with respect to the first requirement, that there be a transaction with the debtor-in-possession. It is clear in the Sixth Circuit that to be entitled to an administrative expense claim, the creditor must have been induced by the debtor-in-possession, not the prepetition debtor. *In re White Motor Corp.,* 831 F.2d at 110. Therein, the Court stated that "[i]f the inducement came from a pre-petition debtor, then consideration was given to that entity, rather than to the debtor-in-possession." *Id.* The requirement that inducement come from the postpetition Debtor is consistent with the effect of the filing of a Chapter 11 petition, which creates a separate legal entity from the prepetition Debtor. *In re Gordon Sel–Way, Inc.,* 270 F.3d 280, 290 (6th Cir.2001)("In Chapter 11 bankruptcy, the debtor files a petition for bankruptcy, becomes a debtor-in-possession ... and is considered to be a separate legal entity from the debtor himself.")

It is undisputed that the equipment which was the subject of the leases was provided to the Debtor prepetition. Accordingly, there was no postpetition transaction or inducement from the debtor-in-possession that would satisfy the two-prong test in this Circuit with respect to the stub rent.[2] For example, in *United Trucking, supra,* the Court determined that there was no inducement by the debtor in possession because "United merely continued to possess the trailers pursuant to the prepetition contract with TRC." 851 F.2d at 162. As further explained by the

---

**2.** Johnson Rubber did enter into various agreed orders with certain Movants related to the continued postpetition use of the equipment, However, in each of those agreed orders, Johnson Rubber reserved the right to object to payment of the stub rent as an administrative expense. *See* Doc. No. 236, Agreed Order with U.S. Molding; Doc. No. 237, Agreed Order with GE Capital; and Doc. No. 238, Agreed Order with Maxus Capital.

Sixth Circuit Bankruptcy Appellate Panel, a debtor-in-possession is able to retain and use equipment after the filing of a bankruptcy estate by virtue of the protections of the automatic stay, not an inducement by the debtor-in-possession. *In re Gasel Transportation Lines, Inc.*, 326 B.R. 683, 688 (6th Cir. BAP 2005). The court noted that "normally, merely continuing to possess equipment pursuant to a prepetition contract does not constitute 'inducement' by the debtor in possession." *Id.* at 688 (citations omitted). *See also, In re Pittsburgh–Canfield Corporation*, 283 B.R. 231, 239 (Bankr.N.D.Ohio 2002)(finding no administrative expense where debtor used gas postpetition where gas was delivered prepetition because creditor's "claimed administrative expense did not arise from a transaction with the bankruptcy estate.")

Herein, the Movants have made no allegations that Johnson Rubber, as debtor-in-possession, took any actions that induced them to supply equipment to it. Instead, it appears undisputed from this record that Johnson Rubber merely continued to use equipment that was supplied to it pursuant to prepetition contracts with the Movants. This does not satisfy the first requirement for administrative expense status in this Circuit. While the Movants cite several cases in support of their argument that stub rent is entitled to administrative expense status, none of these cases are controlling Sixth Circuit authority that apply the two-part test as outlined in *Sunarhauserman, supra.* Having failed to meet the first prong of the test, the Movants are not entitled to administrative expense claims as requested.

\* \* \* \* \* \*

Accordingly, the Motions of General Electric Capital Corporation, Maxus Capital Group, LLC, U.S. Molding Machinery Company, Inc., and Winthrop Resources for Allowance and Payment of Administrative Expense Claims are not well-premised and are hereby denied. The Debtor's objection thereto is hereby sustained. Each party is to bear its respective costs.

**IT IS SO ORDERED.**