FIDELITY BANK, NATIONAL ASSOCI-
ATION; Haley, Bader & Potts; Lee
W. Schubert, Plaintiffs–Appellees,

v.

M.M. GROUP, INC., et al., Defendants,

Robert Casagrande; Tel Lease, Inc.,
Defendants–Appellants,

Robert J. Maccini, Receiver–Appellee.

No. 95–3075.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 5, 1996.

Decided March 4, 1996.

---

**7.** *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188 (5th Cir.1992).

**8.** *Id.*

**9.** *Burden v. Yates*, 644 F.2d 503 (5th Cir.1981).

Percy Squire, Bricker & Eckler, Columbus, OH, for Haley, Bader & Potts, Lee W. Schubert.

Samuel N. Lillard (argued and briefed), Mowery & Youell, Worthington, OH, for Robert Casagrande and Tel Lease, Inc.

E. James Hopple (briefed) and Susan K. Cliffel (argued), Schottenstein, Zox & Dunn, Columbus, OH, for Robert J. Maccini.

Before: KENNEDY and SUHRHEINRICH, Circuit Judges; GILMORE,[*] District Judge.

KENNEDY, Circuit Judge.

Defendants, Robert Casagrande and Tel Lease, Inc., appeal from a District Court order permitting the receiver of the M.M. Group ("MMG") to abandon MMG's fraudulent conveyance claim against Tel Lease. We dismiss this appeal on the grounds that appellants do not have standing to challenge the District Court's order.

## I.

This receivership action commenced when Fidelity Bank sought damages against MMG arising out of MMG's default of its debt obligations. By consent order, the District Court appointed a federal receiver to administer MMG's estate. In an action that was ultimately consolidated with the receivership action, Haley, Bader & Potts ("HBP"), an unsecured creditor of MMG, sued MMG, MMG's affiliate Tel Lease, and Robert Casagrande, a Tel Lease principal and shareholder, alleging that MMG's sale of three radio stations to Tel Lease was for less than adequate consideration.

HBP agreed to abandon its fraudulent conveyance claim against MMG in exchange for MMG's assignment of its rights to pursue the fraudulent transfer claim against Tel Lease. Accordingly, the receiver moved to abandon the receivership estate's fraudulent transfer claim against Tel Lease. Despite Tel Lease's and Casagrande's objections, the District Court granted the receiver the authority to abandon the claim.

Claiming that because the fraudulent transfer claim "does not exist," it is not

Michael S. Kranitz (argued and briefed), Benesch, Friedlander, Coplan & Aronoff, Columbus, OH, for Fidelity Bank, Nat. Assn.

[*] The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation.

property of the receivership estate that the District Court can authorize the receiver to abandon, defendants Tel Lease and Casagrande appeal from that order. Because we conclude that appellants do not have standing to appeal from the District Court's order permitting the receiver to abandon its fraudulent conveyance claim against Tel Lease, we do not reach the merits of appellants' appeal.

## II.

■ We have found, and the parties have identified, no cases that explicitly set forth the criteria governing whether a litigant has standing to appeal from an order entered in a federal receivership action. However, given that a primary purpose of both receivership and bankruptcy proceedings is to promote the efficient and orderly administration of estates for the benefit of creditors, we find it appropriate and helpful to refer to the rules governing appellate standing in bankruptcy proceedings. *See Unisys Fin. Corp. v. Resolution Trust Corp.*, 979 F.2d 609, 611 (7th Cir.1992) (referring to principles of bankruptcy law to determine whether a creditor had an enforceable security interest in the property of a receivership estate established under federal banking laws).

■ To appeal from an order of the bankruptcy court, appellants must have been directly and adversely affected pecuniarily by the order. *Travelers Ins. Co. v. H.K. Porter Co., Inc.*, 45 F.3d 737, 741 (3d Cir.1995); *Tilley, B & C Equities v. Vucurevich (In re Pecan Groves of Arizona)*, 951 F.2d 242, 245 (9th Cir.1991); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 499 (6th Cir.1990); *In re El San Juan Hotel*, 809 F.2d 151, 154–55 (1st Cir.1987). This principle, also known as the "person aggrieved" doctrine, limits standing to persons with a financial stake in the bankruptcy court's order. *In re Revco D.S., Inc.*, 898 F.2d at 499. Only when the order directly diminishes a person's property, increases his burdens, or impairs his rights will he have standing to appeal. *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 585 (7th Cir. 1994); *Gen. Motors Acceptance Corp. v. Dykes (In re Dykes)*, 10 F.3d 184, 187–88 (3d

Cir.1993); *In re El San Juan Hotel*, 809 F.2d at 154–55.

Rejecting the application of bankruptcy standing rules to receiverships, appellants argue that *Sec. and Exch. Comm'n v. Elliott*, 953 F.2d 1560 (11th Cir.1992), *Morrison–Knudsen v. CHG Int'l Inc.*, 811 F.2d 1209 (9th Cir.1987), and *Sec. and Exch. Comm'n v. Hardy*, 803 F.2d 1034 (9th Cir.1986), evidence that appellants in receivership cases are not bound by bankruptcy's special standing rules. In each of those cases, however, it is clear that the courts applied principles of standing that were consistent with those of bankruptcy law. *See Elliott*, 953 F.2d at 1566 (entertaining receivership estate's claimants' due process objections to the district court's administration of the estate); *Morrison–Knudsen Co., Inc.*, 811 F.2d at 1213 (dismissing appellants' appeal from the dismissal of certain claims on the basis that appellants had only an indirect financial stake in those claims); *Hardy*, 803 F.2d at 1038–40 (reviewing a district court's denial of receivership estate's claimants' request for leave to file late Investor Claim Forms). Only when the appellants had direct financial interests did these courts address the merits of their claims. Therefore, we reject appellants' suggestion that principles of bankruptcy standing are foreign to the receivership context.

## III.

■ Whether an appellant is a person aggrieved is a question of fact for the district court. *Depoister*, 36 F.3d at 585; *Gen. Motors Acceptance Corp.*, 10 F.3d at 188. Although the District Court did not consider whether appellants are persons aggrieved, the relevant facts and evidence are before us. Thus, we consider it proper to address the issue ourselves. *See In re El San Juan Hotel*, 809 F.2d at 154 n. 3.

■ Assuming that bankruptcy standing rules apply in the receivership context, appellants first argue that they have standing because they are parties to the adversary proceeding. We reject appellants' argument. Appellants are parties to the receivership action not because they are creditors of MMG but instead because HBP alleged that

they were a party to a fraudulent conveyance. They are adversaries to HBP in the context of the fraudulent conveyance claim, a proceeding ancillary to the receivership action. However, because they do not claim entitlement to the estate's assets, they are not adversaries of MMG for purposes of determining the property of the estate. Thus, they are not adversaries in the context of the receiver's motion to abandon the fraudulent conveyance claim.

 Next, appellants suggest that they have been aggrieved by the District Court's order. They claim that by granting the motion to abandon, the District Court in effect sanctioned the pursuit of a "non-existent cause of action" that they may have to defend in the future, a result appellants characterize as unfair, absurd, and unconscionable.

We reject appellants' suggestion that the District Court's order "gives life to the non-existent claim." On the contrary, by granting the receiver the authority to abandon its claim against Tel Lease, the District Court implicitly agreed with the receiver that the costs of pursuing the fraudulent transfer claim exceeded its likely benefits. That finding does not sanction the cause of action or encourage others to pursue it. In fact, it is more likely to have the opposite effect. Taken to its logical extreme, appellants' argument suggests that whenever a court allows a litigant to dismiss an action it in effect legitimizes the claim. That is simply not the case.

Furthermore, appellants suggest that the District Court order aggrieves them by subjecting them to the possibility of future litigation related to the fraudulent transfer claim. However, they put forth no evidence that there is a likelihood that they will be subject to future litigation. Moreover, this interest is remote and consequential rather than direct and immediate, and thus insufficient to confer standing. *See Travelers Ins. Co.*, 45 F.3d at 742 (finding that potential exposure to prosecution of claims is not sufficient to confer appellate standing in bankruptcy litigation).

Finally, the District Court's order does not impair appellants' ability to defend themselves in future suits. Those defenses that would have been available to them in a claim pursued by the receiver will still be available in future suits. At most, the District Court's order had the effect of transferring the litigation to a context outside the scope of the receivership action. This potential change of forum, however, does not burden appellants such as to afford them standing to appeal this order.

Because the District Court's order did not diminish appellants' property, increase their burdens, or impair their rights, Tel·Lease and Casagrande are not proper appellants in this court. Therefore, their appeal will be dismissed.

## IV.

For the reasons stated, we find that the appellants have no standing to appeal the District Court's order granting the receiver the authority to abandon the receivership estate's fraudulent conveyance claim against Tel Lease, and thus, we dismiss their appeal.