ELECTRONIC CITATION: 2002 FED App. 0007P (6th Cir.)
File Name: 02b0007p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: FIRST CINCINNATI, INC., et al., | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| TRAVELERS CASUALTY & SURETY, | ) | |
| f/k/a AETNA CASUALTY AND SURETY | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | NO. 02-8018 |
| | ) | |
| WILLIAM CORBIN, DEBORAH CORBIN, | ) | |
| ROBERT K. CONYNE, LYNN S. RAPIN, | ) | |
| GLADYS GOSSET HANKINS, FELIX | ) | |
| MARTINEZ, WANDA MARTINEZ, DAVID | ) | |
| OEHLER and DONNA OEHLER, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Western Division at Cincinnati.
Nos. 01-17629 through 01-17633.

Submitted on Briefs: November 6, 2002

Decided and Filed: December 2, 2002

Before: COOK, HOWARD, and MORGENSTERN-CLARREN,
Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF**: Leonard P. Goldberger, Amy E. Vulpio, WHITE AND WILLIAMS LLP, Philadelphia, Pennsylvania, for Appellant. David J. Schmitt, CORS & BASSETT, LLC,

Cincinnati, Ohio, Rhonda S. Frey, MANLEY, BURKE & LIPTON, Cincinnati, Ohio, Timothy C. Sullivan, Paige L. Bendel, TAFT, STETTINIUS & HOLLISTER LLP, Cincinnati, Ohio, for Appellees.

————————

**OPINION**

————————

JOHN C. COOK, Bankruptcy Appellate Panel Judge.  This case is before the Panel on an appeal by Travelers Casualty & Surety ("Travelers") challenging an order of the bankruptcy court which vacated the automatic stay as to certain creditors and permitted them to proceed in their pending state court litigation against the Debtor.  Because we conclude we have no jurisdiction, we will dismiss the appeal.

## I. FACTS

First Cincinnati, Inc., et al., the Debtor, is a homebuilder which constructed thousands of homes in Ohio, Kentucky, Tennessee, Indiana, and North Carolina.  It finds itself in Chapter 11 because, among other things, thirty-eight lawsuits, including a class action, have been filed against it in different state jurisdictions.  The lawsuits allege negligent construction of homes and breach of warranty.

The Debtor asserts that it has insurance coverage through various insurers which may indemnify it in the event the plaintiffs in the state actions succeed in recovering judgments against it.  The nature and extent of the insurance coverage is a matter of dispute between the Debtor and some of its insurance carriers, one of which is Travelers.

According to the bankruptcy court, the Debtor has about $5.8 million in assets available to pay its secured creditors' claims totaling $12.5 million.  Since the secured creditors will likely receive all the assets of the liquidating Debtor, any claims by the homeowners for negligent construction must be paid from insurance proceeds, if any.  As the bankruptcy case proceeded, several state court litigants moved the bankruptcy court to vacate the automatic stay so they could proceed with their pending lawsuits in the

2

various state courts. They sought permission not only to liquidate their claims, but to collect them from insurance proceeds insofar as possible. The Debtor, on the other hand, hoped to propose a plan creating a trust mechanism within its bankruptcy case to distribute whatever insurance money was available to pay construction claims. After a hearing, the bankruptcy court entered an order vacating the stay and permitting the homeowners to liquidate their claims and collect them against the Debtor's insurance companies. It reasoned that

> [m]otions to lift the stay are routinely granted where the movant is seeking only a determination of liability against a debtor so that it may collect against a debtor's insurance company. This is because the stay is typically intended to protect the debtor, not the debtor's insurance company. The Movants in the present case are seeking this limited relief.

Travelers, which participated in the hearing on motions to vacate the automatic stay, timely appeals from the bankruptcy court's order granting the motions.

## II. DISCUSSION

Travelers can only maintain this appeal if it has standing to do so. In a recent case the Sixth Circuit explained that "[s]tanding is a jurisdictional requirement and we are under a continuing obligation to verify our jurisdiction over a particular case." *Harker v. Troutman (In re Troutman Enters., Inc.),* 286 F.3d 359, 364 (6th Cir. 2002); *accord Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255, 114 S. Ct. 798, 802 (1994); *Abbott v. Daff (In re Abbott),* 183 B.R. 198, 200 (B.A.P. 9th Cir. 1995). The court went on to set out the appropriate standards for standing on appeal in bankruptcy cases.

> In order to have standing to appeal a bankruptcy court order, an appellant must have been "directly and adversely affected pecuniarily by the order." *Fidelity Bank, Nat'l Ass'n v. M.M. Group, Inc.,* 77 F.3d 880, 882 (6th Cir. 1996). Derived from the now-repealed Bankruptcy Act of 1898, "[t]his principle, also known as the 'person aggrieved' doctrine, limits standing to persons with a financial stake in the bankruptcy court's order." *Id.* Thus, a party may only appeal a bankruptcy court order when it diminishes their property, increases their burdens or impairs their rights.

3

*Harker,* 286 F.3d at 364.

Concluding that "litigants must normally assert their own rights, rather than those of third parties," and that "[t]hese concerns apply with particular force in the bankruptcy context," *id.,* the Sixth Circuit quoted with approval from *Kane v. Johns-Manville Corp. (In re Johns-Manville Corp.),* 843 F.2d 636, 644 (2d Cir. 1988), as follows:

> "In this context, the courts have been understandably skeptical of the litigant's motives and have often denied standing as to any claim that asserts only *third-party rights."*

*Harker*, 286 F.3d at 365 (emphasis added).

The purpose of this general rule is to prevent marginally interested parties from litigating satellite issues up and down the appellant chain while the bankruptcy case stalls out and neither creditors nor debtors receive the relief intended by the Code. As the First Circuit put it:

> This rule of appellate standing is necessary to insure that bankruptcy proceedings are not unreasonably delayed by protracted litigation that does not serve the interests of either the bankrupt's estate or its creditors. The nature of bankruptcy litigation, with its myriad of parties, directly and indirectly involved or affected by each order and decision of the bankruptcy court, mandates that the right of appellate review be limited to those persons whose interests are directly affected.

*In re El San Juan Hotel,* 809 F.2d 151, 154 (1st Cir. 1987). Such a rule is especially appropriate in bankruptcy litigation where "parties in interest" who would not qualify as real parties in non-bankruptcy litigation, are allowed to appear and be heard.

> "Person aggrieved" is, of course, a term of art: almost by definition, all appellants may claim in some way to be "aggrieved," else they would not bother to prosecute their appeals. In conventional disputes, the class of potential plaintiffs is defined by the constitutional doctrine of standing. But in bankruptcy proceedings, which typically involve a "myriad of parties . . . indirectly affected by every bankruptcy court order," *Kane,* 843 F.2d at 642, the need to limit collateral appeals is particularly acute.

*Travelers Ins. Co. v. H. K. Porter Co.,* 45 F.3d 737, 741 (3d Cir. 1995).

4

In the case at bar, Travelers, a mere insurer of the Debtor,[1] has taken up the role of ombudsman for both the Debtor and the homeowner-creditors who have not resorted to litigation in the state courts. It argues in its principal briefs that vacating the stay will result in inequality of distribution among similarly situated creditors since those who litigate and recover damages in the state courts will be better off than those who do not litigate and get only leftovers in bankruptcy. Travelers' purported desire to protect the latter is unique, for none of them have chosen to appeal.

Travelers also complains that the bankruptcy court's order prevents centralized administration (in the bankruptcy court) of the claims filed by homeowners who allege damages due to mold. This is a variant of the equality-among-creditors argument because, according to Travelers, a more equitable distribution of estate assets would occur if all insurance proceeds were disposed of in bankruptcy court. Again, no creditor has taken this view and appealed.

Finally, Travelers takes up the defense of the Debtor itself and argues that the Debtor must have a breathing spell "to analyze and compare . . . alternatives, including the establishment of a trust-based claims resolution process." The Debtor, however, has not been prompted enough by this argument to appeal.

None of the supposed victims of the bankruptcy court's alleged abuse of discretion has bothered to seek review. *They* might well be aggrieved persons within the meaning of the appellate standing doctrine, but it is difficult to view Travelers in that capacity. The policies Travelers has issued may oblige it to pay certain claims made by homeowners, but this is so whether those claims are pressed in state court or in bankruptcy. Moreover, Travelers cannot be liable beyond its policy limits. Thus Travelers, in its principal briefs, asserts only the rights of other parties who are uninterested in asserting those rights themselves. This seems exactly the kind of appeal that the appellate standing rules are designed to prevent.

---

[1] Travelers also claims to be a creditor in the case, but it is not a homeowner with a claim for negligent construction, etc. As such Travelers is not directly affected by the order vacating the stay.

After reading the parties' principal briefs, we raised the question of our jurisdiction and gave the parties the opportunity to brief that issue. Travelers now argues in its second round of briefs that it is an aggrieved person because the various state lawsuits permitted by the bankruptcy court's order may subject it to its duty to defend and pay such claims as are successfully prosecuted in the various courts. Things would be much better, we are told, if the bankruptcy court would maintain the stay, decide all the disputed coverage issues itself (under the laws of four or five different states), and require all claims to be filed in bankruptcy court so as to relieve Travelers of the burden of defending them elsewhere.

The bankruptcy court has not refused to decide the policy coverage issues, if there actually are any, because none have been presented to it: there is no adversary action for a declaratory judgment pending between Travelers and the Debtor. The current situation is that Travelers might litigate the coverage question, or it might not. The order vacating the stay merely permits the homeowners to proceed. It has no effect on the contractual relationship between Travelers and the Debtor, and Travelers still has all its options, both in and out of bankruptcy court, to resolve any coverage dispute.

As to Travelers' argument that it is being burdened by being subjected to some possible role in the state litigation between the homeowner and the Debtor,[2] most, if not all, of the courts that have considered this question have held that a bankruptcy court's order does not produce the direct and adverse pecuniary impact necessary to bestow standing on an appellant if the order's effect on the appellant is merely to expose it to the risks of litigation. In a case remarkably like the one at bar, the Third Circuit held that Travelers was not an aggrieved person for purposes of appellate standing where it tried to appeal a bankruptcy court's order allowing the reinstatement of claims against a debtor which Travelers, the debtor's insurer, might eventually have to pay. The court dismissed Travelers' appeal, observing that

> Travelers' potential exposure is doubly removed, turning both
> on the success of the Claimants in their prosecution of claims
> against Porter [the debtor], and on a judicial determination that
> the policy issued by Travelers covers the claims, a construction

___

[2] Travelers might have to defend homeowner claims, and it might have to pay some judgments won by the homeowners. It could also simply deny coverage and do neither.

6

> which Travelers strenuously rejects. . . . Even the most generous view of these circumstances does not suggest that the order of reinstatement directly or immediately impacts on Travelers' pecuniary interests.

*Travelers Ins. Co.,* 45 F.3d at 742. The court concluded that standing is "precluded if the only interest in the bankruptcy court's order that can be demonstrated is an interest as a potential defendant in an adversary proceeding." *Id.* at 743.

To the same effect is *McColgan v. Clark (In re Snyder),* 4 F.2d 627 (9th Cir. 1925), in which a creditor moved to reopen an estate on the grounds that it had discovered unscheduled property of the estate in the hands of another person from whom it might be recovered if the case were reopened. That property holder, the potential defendant, appealed the order reopening the estate. In dismissing his appeal, the Ninth Circuit held that

> "[t]he appellant's interest, to suffice, must be a direct and immediate pecuniary interest in the particular cause, and it is not sufficient that he is interested in the question litigated, or that, by the determination of the question litigated, he may be a party in interest to some other suit, growing out of the decision of that question."

*Id.* at 628 (quoting 3 C.J. at 625).

The rule, therefore, is that an order which has the limited effect of nudging a party into someone else's litigation sights is not normally appealable by that party. *Abbott v. Daff (In re Abbott),* 183 B.R. 198 (B.A.P. 9th Cir. 1995) (dismissing appeal of debtor's wife from order reopening the case to allow action against her as a fraudulent transferee); *In re Ashford Hotels, Ltd.,* 235 B.R. 734 (S.D.N.Y. 1999) (dismissing appeal by creditors from an order authorizing the outside funding of a trustee's legal action against those creditors); *Land-O-Sun Dairies, Inc. v. Pine State Creamery Co.,* 200 B.R. 125 (E.D.N.C. 1996) (dismissing appeal by buyer from an order approving sale of debtor's assets to buyer where buyer intended to renege on the agreement and feared an ensuing breach of contract lawsuit by debtor). We think that rule is fully applicable in this case. Travelers'

7

pecuniary interest in the order vacating the stay is simply too contingent to confer appellate standing.

## III.  CONCLUSION

For the foregoing reasons, we conclude that Travelers lacks standing to maintain its present appeal, and accordingly the appeal is **DISMISSED**.