**In re: Michael I. MONUS, Debtor,**

**Michael I. Monus, Appellant,**

v.

**Thomas D. Lambros; Official Creditors' Committee; United States of America, Appellees.**

**No. 02–4101.**

United States Court of Appeals, Sixth Circuit.

May 14, 2003.

Before GUY, BOGGS, and DAUGHTREY, Circuit Judges.

*ORDER*

This is an appeal from a district court order affirming a bankruptcy court's October 30, 2000, opinion and order approving the agreed settlement that allowed the Internal Revenue Service's ("IRS") pre-petition claims. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Michael I. Monus filed a Chapter 11 bankruptcy petition in the Bankruptcy Court for the Northern District of Ohio on September 25, 1992. The case was converted to a Chapter 7 liquidation case on June 14, 1995. The IRS filed an amended proof of claim for $3,865,019.94, involving federal income tax liabilities for 1988, 1990, and 1991. The liability is based on unreported income embezzled from Phar–Mor, a company of which Monus was the president and chief operating officer. Monus was convicted of several crimes connected to this embezzlement, including the filing of false income tax returns. The jury found that the income tax returns were false because they concealed Monus's embezzlement income. The conviction was affirmed on appeal. *See United States v. Monus,* 128 F.3d 376 (6th Cir.1997). The trustee filed an objection to this proof of claim. On October 30, 2000, after a telephone hearing, the bankruptcy court entered an "Agreed Settlement Order" settling the trustee's objection to the IRS's proof of claim.

Thereafter, Monus filed an appeal from the bankruptcy court's decision to the district court on November 6, 2000, asking the district court to vacate the Agreed Settlement Order and to remand the case to the bankruptcy court in order that the bankruptcy judge may: (1) refer Monus's allegations of perjury against Pat Finn to the United States Attorneys Office pursuant to 18 U.S.C. § 3057; (2) order the completion of Finn's examination pursuant to Fed. R. Bankr.P. 2004, in order to confirm Monus's salary in relation to the IRS claims; and (3) conduct a formal hearing concerning Monus's objections to the IRS claim. On September 18, 2002, the district court affirmed the agreed order and dismissed the appeal. Specifically, the

district court held that Monus lacked standing to appeal the Agreed Settlement Order. Alternatively, the court held that the bankruptcy court did not abuse its discretion when it approved the Agreed Settlement Order. This appeal followed.

The question of whether a party is a "person aggrieved" for purposes of appellate standing in bankruptcy is usually a question of fact and reviewed for clear error. *See Marlow v. Rollins Cotton Co. (In re Julien Co.),* 146 F.3d 420, 423 (6th Cir.1998); *Fidelity Bank, Nat'l Ass'n v. M.M. Group, Inc.,* 77 F.3d 880, 882 (6th Cir.1996). In order to appeal a bankruptcy court's order, a litigant must qualify as a "person aggrieved" by the order. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.),* 898 F.2d 498, 499 (6th Cir.1990). A "person aggrieved" by a bankruptcy order must demonstrate that the order diminishes the person's property, increases the person's burdens, or impairs the person's rights. *See Fidelity Bank, Nat'l Ass'n,* 77 F.3d at 882.

Upon review, we conclude that the district court correctly found that Monus did not have appellate standing to object to the settlement between the IRS and the bankruptcy trustee. Insofar as the settlement order allows Monus to challenge the tax assessment outside the bankruptcy proceedings, Monus is not a "person aggrieved" as that term is defined in relevant Sixth Circuit law, and therefore, does not have standing to appeal the Agreed Settlement Order.

In any event, the bankruptcy court did not abuse its discretion in approving the settlement. *Sandoz v. Bennett (In re Emerald Oil Co.),* 807 F.2d 1234, 1239 (5th Cir.1987). The complexity of the litigation coupled with the probability of success clearly indicated that entering a settlement was in the best interest of the estate.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.