*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b).  See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  08b0008n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re:   ROBERT JOHN MORAN, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| W. THOMAS STARK, | ) | |
| | ) | |
| Appellant, | ) | No. 07-8035 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT JOHN MORAN, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, Eastern Division, at Cleveland.
No. 01-21926.

Argued: February 6, 2008

Decided and Filed:  April 18, 2008

Before: AUG, FULTON, and SCOTT, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:**  Joseph R. Spoonster, FORTNEY & KLINGSHIRN, Akron, Ohio, for Appellant.
Richard A. Baumgart, DETTELBACH, SICHERMAN & BAUMGART, Cleveland, Ohio, Lynn
Rowe Larsen, LAW OFFICE OF TIMOTHY FARRELL SWEENEY, Cleveland, Ohio, for
Appellee.  **ON BRIEF:**  Joseph R. Spoonster, FORTNEY & KLINGSHIRN, Akron, Ohio, for
Appellant.  Lynn Rowe Larsen, Timothy F. Sweeney, LAW OFFICE OF TIMOTHY FARRELL
SWEENEY, Cleveland, Ohio, Marvin A. Sicherman, DETTELBACH, SICHERMAN &
BAUMGART, Cleveland, Ohio, for Appellee.

---
**OPINION**
---

JOSEPH M SCOTT, JR., Bankruptcy Appellate Panel Judge. W. Thomas Stark (the "Appellant"), majority shareholder of Airpack, Inc., appeals the bankruptcy court's order granting the motion of the chapter 7 trustee (the "Trustee") to settle the estate's claim to the stock of Airpack, Inc., by payment from the debtor, Robert J. Moran, (the Debtor"), for less than the amount that the Appellant offered to pay, and to abandon the stock *nunc pro tunc* to the petition filing date.

## I. ISSUES ON APPEAL

1. Does the Appellant have standing to bring this appeal? 2. Did the Appellant have standing to object to the Trustee's motion? 3. Did the bankruptcy court err in granting the Trustee's motion to authorize the compromise? 4. If not, did the bankruptcy court err in granting the Trustee's motion to abandon the stock *nunc pro tunc*?

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit ("BAP") has jurisdiction to hear and decide this appeal. 28 U.S.C. § 158(b)(1). The United States District Court for the Northern District of Ohio has authorized appeals to the BAP, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). An order is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citation omitted). An order approving a proposed settlement is a final order. *Adam v. Itech Oil Co. (In re Gibraltar Res., Inc.)*, 210 F.3d 573, 576 (5th Cir. 2000). In this case, the bankruptcy court's order to abandon is a final

order because it was conclusive on the merits and because it was in the context of approval of the proposed settlement.

A bankruptcy court's decision to approve or disapprove a settlement rests in the sound discretion of the bankruptcy judge. A reviewing court will not disturb or set aside the decision unless it achieves such an unjust result as to amount to an abuse of discretion. *Mach. Terminals, Inc. v. Woodward (In re Albert-Harris, Inc.)*, 313 F.2d 447, 449 (6th Cir. 1963) (citations omitted). "An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Volvo Commercial Fin. LLC the Ams. v. Gasel Transp. Lines, Inc. (In re Gasel Transp. Lines, Inc.)*, 326 B.R. 683, 685 (B.A.P. 6th Cir. 2005) (citation omitted). The facts are not in dispute here. Conclusions of law are reviewed *de novo*. "De novo review requires the Panel to review questions of law independent of the bankruptcy court's determination." *Id.* "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Mayor & City Counsel of Baltimore, Md. v. W. Va. (In re Eagle-Picher Indus., Inc.)*, 285 F.3d 522, 529 (6th Cir. 2002) (citations omitted).

Likewise, the order of abandonment will be reviewed under an abuse of discretion standard. *Viet Vu v. Kendall (In re Viet Vu)*, 245 B.R. 644, 647 (B.A.P. 9th Cir. 2000).

### III. FACTS

On December 6, 2001, the Debtor filed a petition for relief under chapter 7 of the U.S. Bankruptcy Code;[1] on April 25, 2002, a discharge order was entered; and on May 15, 2002, the

---

[1] Since the Debtor filed his bankruptcy petition prior to October 17, 2005, the case is governed by the Bankruptcy Code without regard to the amendments made to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. All statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1330 (2004), unless otherwise specifically noted.

Debtor's bankruptcy case was closed as a no-asset case. On July 15, 2005, the Debtor filed an action in state court against the Appellant and Airpack, Inc. ("Airpack"), alleging that he was wrongfully deprived of his investment in and employment at Airpack. The Appellant then advised the Trustee and the U.S. Trustee that the Debtor had not disclosed his ownership of stock in Airpack during his bankruptcy case.

On April 12, 2006, the trustee moved to reopen the Debtor's bankruptcy case. The case was reopened. After investigation, the Trustee determined that the Debtor's failure to disclose his ownership of stock in Airpack was not in bad faith, that he did not gain financial benefit from his failure to disclosure, and that he had no motive for his failure to disclose. Indeed, we note that no action, civil or criminal, was brought against the Debtor for failing to disclose the Airpack stock.

In the intervening years, the stock increased in value. The dispute here centers around the fact that the Debtor offered to pay $32,493.55 to the Trustee for his minority share of stock in Airpack, an amount which pays all claims against the bankruptcy estate in full, including administrative costs, and the Appellant offered $37,500 for the stock, which exceeds the amount offered by the Debtor, with the excess being paid to the Debtor.

On January 29, 2007, the Trustee filed his motion for "Authority to Compromise the Bankruptcy Estate's Claim to the Debtor's Equitable Interest in Airpack, Inc. and to Abandon any Remaining Interest in Airpack, Inc," to which the Appellant, and only the Appellant, filed an objection. A hearing was conducted, and on June 26, 2007, the bankruptcy court entered its Memorandum of Opinion and Order and Judgment, granting the Trustee's motion in large part.[2] As concerns the Trustee's motion for authority to compromise, the court held: "[T]he proposed

---

[2] Based on insufficient evidence in the record, the court declined to make findings that the Debtor's failure to disclose the stock was inadvertent, was not in bad faith, and did not result in financial benefit to the Debtor.

The opinion and judgment refer to payment by the Debtor of $27,794.85 for the stock; however, the amount paid by the Debtor to the Trustee in order to cover all claims against and all administrative costs of the estate is $32,493.55, still less than the amount offered by the Appellant.

settlement is fair and equitable and is in the best interest of the estate, because all creditors and administrative expenses will be paid in full." (Appellant's App. at 97.) Even though the bankruptcy court concluded that the Appellant had failed to meet his burden of proof to show that he had standing to object to the motion, the court analyzed whether his objection was well-taken and stated: "[T]he estate does not benefit by an open bidding process because the Motion is not a judicial sale and the Debtor's proposed settlement payment pays all creditors and administrative expenses in full." (Appellant's App. at 100.) The court then authorized the trustee to abandon the Airpack stock, finding that the consequence of abandonment is *nunc pro tunc*. In other words, the court determined that abandonment puts the parties where they were before bankruptcy, thus permitting the Debtor and the Appellant to proceed with the state court litigation unaffected by the Debtor's bankruptcy case.

Three days after entry of the court's opinion and judgment, on June 29, 2007, the Appellant filed his Notice of Appeal.

## IV. DISCUSSION

Standing to bring this appeal

"Standing is a jurisdictional requirement and we are under a continuing obligation to verify our jurisdiction over a particular case." *Harker v. Troutman (In re Troutman Enters., Inc.)*, 286 F.3d 359, 364 (6th Cir. 2002); *accord Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255, 114 S.Ct. 798, 802 (1994); *Abbott v. Daff (In re Abbott)*, 183 B.R. 198, 200 (B.A.P. 9th Cir. 1995).

> In order to have standing to appeal a bankruptcy court order, an appellant must have been "directly and adversely affected pecuniarily by the order." *Fidelity Bank, Nat'l Ass'n v. M.M. Group, Inc.*, 77 F.3d 880, 882 (6th Cir. 1996). . . . "[t]his principle, also known as the 'person aggrieved' doctrine, limits standing to persons with a financial stake in the bankruptcy court's order." *Id.* Thus, a party may only appeal a bankruptcy court order when it diminishes their property, increases their burdens or impairs their rights.

5

*Travelers Cas. & Sur. v. Corbin (In re First Cincinnati, Inc.)*, 286 B.R. 49, 51 (B.A.P. 6th Cir. 2002).

The bankruptcy court's conclusion that the Appellant did not have standing in the bankruptcy case arguably satisfies this standing requirement, in that the order does not allow the Appellant to acquire the remaining stock in Airpack, thus becoming its sole shareholder. Consequently, the analysis must turn to whether the bankruptcy court erred in reaching that conclusion.

Standing before the bankruptcy court

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"–an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of–the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136 (1992) (citations and footnote omitted).

The Appellant is the Debtor's brother-in-law; majority shareholder of Airpack, a closely held corporation; a defendant in state court litigation brought by the Debtor against him and Airpack; and a frustrated, competitive, and superior bidder of the Debtor's stock in Airpack. He is not a creditor of the bankruptcy estate. *See* 11 U.S.C. § 101(10). And, other than his objection to the Trustee's motion, he was not involved in the Debtor's bankruptcy case. He does not suffer "invasion of a legally protected interest" because the bankruptcy court approved the Trustee's motion to compromise and to abandon. Stated simply, the Appellant does not have *any* interest in the Debtor's Airpack stock, much less an interest that is "legally protected." As a result, we need not address the remaining two elements for "the irreducible constitutional minimum of standing." The Appellant's

6

concern appears to be only that he should be the sole shareholder of Airpack, thus eliminating the Debtor from the company's business and thwarting any chance that the Debtor has of succeeding in the state court litigation brought against the Appellant and Airpack.

Approval of the settlement

Recently, the BAP had an opportunity to consider the standard for approval, or disapproval, of a settlement agreement, and stated:

Rule 9019 of the Federal Rules of Bankruptcy Procedure provides: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." The rule offers no guidance as to the criteria to be used in evaluating whether a settlement should be approved, but courts uniformly have drawn from the language of the Supreme Court's decision in *TMT Trailer Ferry* in establishing a "fair and equitable" threshold for settlement approval. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157, 1163 (1968). Although the *TMT Trailer Ferry* case was decided under the Bankruptcy Act, "its principles have been broadly held applicable to settlements under the Bankruptcy Code." 2 *Norton Bankr. L. & Prac. 2d* § 41:10 (2007). Many Rule 9019 opinions have relied on *TMT Trailer Ferry* "both for the substantive requirement that settlement represent a fair compromise of disputed issues, and for the requirement that such settlement be preceded by adequate inquiry." *Id.*

The Sixth Circuit Court of Appeals has held that "the bankruptcy court is charged with an affirmative obligation to apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is *fair and equitable*." *Reynolds v. Comm'r*, 861 F.2d 469, 473 (6th Cir. 1988) (emphasis added). The court must weigh the conflicting interests of all relevant parties, "considering such factors as the probability of success on the merits, the complexity and expense of litigation, and the reasonable views of creditors." *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988) (citation omitted). "A bankruptcy judge need not conduct a mini-trial or write an extensive opinion every time he approves or disapproves a settlement. The judge need only be apprised of the relevant facts and law so that he can make an informed and intelligent decision and set out the reasons for that decision." *Fishell v. Soltow (In re Fishell)*, 47 F.3d 1168, 1995 WL 66622, at *3 (6th Cir. Feb. 16, 1995) (unpublished table decision) (quoting *LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 163 (7th Cir. 1987)); *see also TMT*

7

*Trailer Ferry*, 390 U.S. at 437, 88 S. Ct. 1157 (holding that bankruptcy court must have the facts in order to make an informed and independent decision).

Although published Sixth Circuit case law on Rule 9019 settlements is relatively sparse, in unpublished decisions the Court of Appeals and Bankruptcy Appellate Panel have consistently reaffirmed their adherence to the "fair and equitable" standard. *See Lyndon Prop. Ins. Co. v. Katz*, 196 Fed. Appx. 383, 387 (6th Cir. 2006); *Bard v. Sicherman (In re Bard)*, 49 Fed. Appx. 528, 530 (6th Cir. 2002); *In re Fishell*, 47 F.3d 1168, 1995 WL 66622, at *3 (6th Cir. Feb. 16, 1995) (unpublished table decision); *Cook v. Terlecky (In re Cook)*, 336 B.R. 600, 2006 WL 13114, at *3 (B.A.P. 6th Cir. Jan. 4, 2006) (unpublished table decision); *Porter Drywall Co. v. Haven, Inc. (In re Haven, Inc.)*, 326 B.R. 901, 2005 WL 927666, at *3 (B.A.P. 6th Cir. April 7, 2005) (unpublished table decision). Further, the vast majority of appellate courts that have addressed the issue have relied upon the same or similar criteria. No appellate court has rejected, either expressly or implicitly, the efficacy of this approach.

. . .

In summary, the bankruptcy court was bound by the "fair and equitable" standard established by the Sixth Circuit Court of Appeals in *Reynolds* and *Bauer*, a standard that is in harmony with the BAP's own, *albeit* unpublished, decisions in *Haven* and *Cook*, and with the weight of judicial authority expressed by numerous other circuits.

*Olson v. Anderson (In re Anderson)*, 377 B.R. 865, 870-72 (B.A.P. 6th Cir. 2007) (footnotes omitted).

In the case before the Panel, the bankruptcy court stated, after considering Bankruptcy Rule 9019(a) and *TMT Trailer Ferry*, that the proposed settlement was "fair and equitable" as well as "in the best interest of the estate," because all creditors and administrative expenses would be paid in full. The court discussed whether the Appellant had standing to object to the Trustee's motion, concluded that he did not, then stated that even if the Appellant had standing, "the estate does not benefit by an open bidding process because the Motion is not a judicial sale and the Debtor's proposed settlement payment pays all creditors and administrative expenses in full." (Appellant's App. at 100.) Although discussed in its analysis of whether the Appellant had standing, the bankruptcy court did determine that acceptance of the Appellant's offer of a higher purchase price

8

would not benefit the estate, because any amount above the Debtor's offer would result only in surplus back to the Debtor and no additional payments or benefits to the creditors.

The Trustee's motion was for authority to compromise a dispute between the Trustee and the Debtor regarding entitlement to the appreciation in value of the stock, not a motion to sell an asset of the estate. The Trustee asserted that the appreciation was an asset of the bankruptcy estate, and the Debtor asserted that he was entitled to the appreciation. The bankruptcy court did not discuss this issue, but did conclude that the Trustee's motion was to compromise a dispute and not to sell property. Furthermore, in briefing before this Panel, the Appellant did not address the issue of entitlement to appreciation in value of the stock. The Appellant merely asserted at oral argument that the bankruptcy court's "characterization" was wrong. We agree with the bankruptcy court that this was settlement of a genuine controversy, not a judicial sale.

In sum, the bankruptcy court did not err in approving the proposed settlement. After adequate inquiry, and looking to the correct legal standard, the bankruptcy court determined that the compromise was a fair one.

Abandonment

The Appellant alleges that the bankruptcy court exceeded its authority in approving the compromise *nunc pro tunc* to the petition filing date.

11 U.S.C. § 554, "Abandonment of property of the estate," reads, in its entirety:

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

9

(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

Pursuant subsection (d), since the Debtor failed to list the Airpack stock in his original Schedules, the stock remained property of his bankruptcy estate until it could be administered by the Trustee upon reopening of the case. If the stock had been scheduled, it would have passed to the Debtor through abandonment pursuant to subsection (c). *See Cunliff v. Cunliff (In re Cunliff)*, 227 B.R. 476, 478-79 (B.A.P. 6th Cir. 1998).

The effect of abandonment is summarized as follows:

[U]pon abandonment under section 554, the trustee is simply divested of control of the property because it is no longer part of the estate. Thus, abandonment constitutes a divesture of all of the estate's interest in the property. Property abandoned under section 554 reverts to the debtor, *and the debtor's rights to the property are treated as if no bankruptcy petition was filed*.

5 Collier on Bankruptcy - 15th Edition Rev. ¶ 554.02[3], citing *In re Dewsnup*, 908 F.2d 588, 590 (10th Cir. 1990), *aff'd*, 502 U.S. 410, 112 S. Ct. 773 (1992) (emphasis added).

Therefore, the bankruptcy court did not err in ordering that abandonment of the property be *nunc pro tunc*. However, before ordering abandonment, a bankruptcy court must find *either* that the property is burdensome to the estate *or* that it is of inconsequential value *and* benefit to the estate. *Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.)*, 816 F.2d 238, 245 (6th Cir. 1987). Although the court here did not directly address whether abandonment was proper because the stock was burdensome to the estate or of inconsequential value and benefit to the estate, the court did state that the settlement was in the best interest of the estate because it would pay all creditors in full.

The decision of the bankruptcy court can be affirmed if correct for any reason, even one not considered by the bankruptcy court. *Gibson v. Gibson (In re Gibson)*, 219 B.R. 195, 200 (B.A.P. 6th Cir. 1998). An overriding purpose of bankruptcy liquidation is equality of distribution of the debtor's property among creditors similarly situated. *Kothe v. R.C. Taylor Trust*, 280 U.S. 224, 227, 50 S. Ct. 142, [143] (1930). Abandonment serves this purpose. *K.C. Mach. & Tool Co.*, 816 F.2d at 246. The Appellant is not a creditor of the debtor. Furthermore, as suggested by the bankruptcy court, an outsider to the Debtor's case should not be able to become the sole shareholder of Airpack merely by virtue of the Debtor filing for bankruptcy. Abandonment of the stock to the Debtor returned the Debtor and the Appellant to their prebankruptcy status as co-owners of the stock, which allows them to resolve in state court any dispute between them concerning the stock.

## V. CONCLUSION

For the foregoing reasons, the bankruptcy court's order authorizing settlement between the Debtor and the Trustee of their dispute and abandonment of the Airpack stock to the Debtor is AFFIRMED.

11