*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 14b0003n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: Ronald Alan Brown, | ) | |
| | ) | |
| Debtor. | ) | No. 13-8037 |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio
Case No. 11-60762

Submitted: February 4, 2014

Decided and Filed: March 17, 2014

Before: EMERSON, HARRISON, AND LLOYD, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

_____

**ON BRIEF:** Charles R. Griffith, Westerville, Ohio, for Appellee. Ronald Brown, Tonya Brown, Westerville, Ohio, pro se.

1

**JOAN A. LLOYD**, Bankruptcy Appellate Panel Judge.  Debtor Ronald Alan Brown (the "Debtor") and his non-debtor spouse, Tonya Brown (collectively the "Appellants"), appeal the July 21, 2013, order of the United States Bankruptcy Court for the Southern District of Ohio (the "Bankruptcy Court") granting appellee Florida Coastal Partners, LLC's (the "Appellee") motion for relief from the automatic stay regarding real property located at 6374 Hermitage Dr., Westerville, Ohio.  For the reasons that follow, the Panel dismisses this appeal for lack of standing.

**JURISDICTION**

The United States District Court for the Southern District of Ohio has authorized appeals to the Panel, and no party has timely elected to have this appeal heard by the district court.  28 U.S.C. § 158(b)(6), (c)(1).  A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1).  For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted).  A bankruptcy court's order granting relief from the automatic stay is an appealable final order.  *Sun Valley Foods Co., v. Detroit Marine Terminals, Inc.* (*In re Sun Valley Foods Co.*), 801 F.2d 186, 190 (6th Cir. 1986).

The grant of a motion for relief from the automatic stay is reviewed under an abuse of discretion standard.  *Laguna Assoc. Ltd. P'ship v. Aetna Cas. & Sur. Co.*, (*In re Laguna Assoc. Ltd. P'Ship*), 30 F.3d 734, 737 (6th Cir. 1994)(citation omitted).  The bankruptcy court's decision, under this standard, will only be disturbed if it "relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard."  *Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (quotation marks & citation omitted).  *See also Mayor & City Council of Baltimore, Md. v. W. Va.* (*In re Eagle-Picher Indus., Inc.*), 285 F.3d 522, 529 (6th Cir. 2002) ("An abuse of discretion is defined as a

'definite and firm conviction that the [court below] committed a clear error of judgment.' "). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Id.* (quoting *Barlow v. M.J. Waterman & Assocs., Inc.* (*In re M.J. Waterman & Assocs., Inc.*), 227 F.3d 604, 608 (6th Cir. 2000) (internal citations omitted)).

## FACTS

On or about December 10, 2004, the Debtor and his non-debtor spouse, Tonya Brown (collectively, the "Appellants") executed and delivered to Ameriquest Mortgage Company ("Ameriquest") an Adjustable Rate Note (the "Note") in the original amount of $340,200. On that same date, in order to secure the repayment obligation under the Note, both the Appellants executed a mortgage (the "Mortgage") on real property located at 6374 Hermitage Drive, Westerville, Ohio (the "Real Property") in favor of Ameriquest.[1]

The Debtor filed his petition in the instant Chapter 7 bankruptcy case on October 24, 2011. According to the Debtor's Schedule A form, the value of the Real Property is insufficient to pay off the debt that is attached to it. The current value of the Real Property is $131,000. The amount of the secured claim attached to the Real Property is $309,750.35.

On December 5, 2011, the Chapter 7 trustee, Larry McClatchey (the "Trustee"), filed a report of no distribution certifying that the Debtor's bankruptcy estate had been fully administered. No objection to that report was filed. The Bankruptcy Court has explained that, pursuant to the Bankruptcy Code and local rules, the filing of the report of no distribution "signaled [the Trustee's] intent to abandon the [Real Property], along with other property of the Debtor's estate . . . to the Debtor upon the closing of the case (see 11 U.S.C. § 554(c))." *Brown v. Kondaur Capital Corp.* (*In*

---

[1]This appeal is only the latest effort by the Appellants to stave off foreclosure on the Real Property. Much of the lengthy factual background to this appeal is discussed in an opinion and order issued by the Bankruptcy Court when it dismissed one of the Browns' adversary cases. *See Brown v. Kondaur Capital Corporation* (*In re Brown*), Bankr. No. 11-60762, Adv. No. 12-2059, 2013 WL 1010359 (Bank. S.D. Ohio, March 13, 2013).

3

*re Brown*), Bankr. No. 11-60762, Adv. No. 12-2059, 2013 WL 1010359 at *4 (Bankr. S.D. Ohio, March 13, 2013). The Debtor received his discharge on February 7, 2012.

On May 21, 2013, Appellee Florida Coastal Partners, LLC (the "Appellee") filed a motion for relief from stay regarding the Real Property. The Appellee stated in this motion (1) that it was a secured creditor by virtue of the Note and Mortgage originally given to Ameriquest, and that it had obtained Ameriquest's interest in the Note and Mortgage via a chain of assignments; (2) that it did not have and was not provided with adequate protection of its interest in the Real Property; (3) that there was no equity in the Real Property; (4) that the Real Property was not necessary to an effective reorganization; and (5) that the Appellee had and would continue to suffer losses and damages if the automatic stay were not modified. In a memorandum that accompanied the stay relief motion, the Appellee described the chain of assignments by which the Appellee had acquired its interest in the Real Property. The Appellee also stated that it had not been receiving payments from the Debtor and that the Debtor had been in default on the Note for seventy-two months. The text in the body of the motion for relief from stay, apparently due to a clerical error, identified the "Movant" as "Midwest Savings Bank," not Florida Coastal Partners, LLC. (Mot. of Florida Coastal Partners, LLC for Relief from Stay, at 1, ECF No. 36).

Together with its motion for relief from stay, the Appellee filed various exhibits relevant to its motion, including the Note, the Mortgage, the Deed for the Real Property, documentation of the chain of assignments under which the Appellee acquired the property, and a "Relief From Stay/Adequate Protection Exhibit and Worksheet" (the "Worksheet"). (Mot. for Relief from Stay Ex. 2, ECF No. 38). According to the Worksheet, the total arrearage on the Real Property was $183,547.60 and the last payment had been made on May 1, 2007.

On June 10, 2013, the Appellants filed an objection to the Appellee's motion for relief from the automatic stay. The Appellants stated two reasons for their objection: (1) that the Appellee's motion had identified the movant as Midwest Savings Bank, and (2) that the Debtor's bankruptcy discharge somehow operated to permanently enjoin the Appellee from taking any action against the

4

Real Property.

On June 14, 2013, the Appellee filed an amended motion for relief from the automatic stay that corrected the clerical error in the original motion and identified the Appellee as the Movant. The Debtor did not oppose this amended motion.

On July 19, 2013, the Bankruptcy Court issued an "Order Granting Motion for Relief from the Automatic Stay" (the "Stay Relief Order"). The Stay Relief Order states that "[s]ervice and notice of the motion were made" pursuant to the relevant local rules and "either (a) no response(s) has been filed, or (b) the response filed failed to state a sufficient reason why the motion should not be granted." (Stay Relief Order, ECF No. 58.)

On July 25, 2013, the Appellants initiated this appeal of the Stay Relief Order by filing a timely notice of appeal to the B.A.P. According to the Appellants' Pro Se Appellants' Brief, the Bankruptcy Court failed to apply "state and several bankruptcy laws." (Pro Se Appellant's Br. at 1). The Appellants raise the Appellee's "standing to be Granted Relief From Stay" as an issue on appeal. (*Id.* at 2). In the Appellants' attached "Statement of Facts," the Appellants contend, among other things, that the Mortgage was not properly executed under Ohio law, and that the Appellee violated the automatic stay by acquiring its security interest in the Real Property from the security interest's previous holder and by filing its motion for relief from stay.

The Appellee's brief makes a number of responses to the Debtor's contentions. According to the Appellee, all the requirements for relief from the automatic stay were present, and so relief was proper. The Appellee states that the Debtor is not a bona fide purchaser of the Real Property Mortgage, and therefore cannot attack the Mortgage as improperly acknowledged. The Appellee further argues, among other things, that there is nothing wrong with the Mortgage and that all the requirements of Ohio law have been met. The Appellee points out that filing a motion for relief from stay is not an act that violates the stay, but is in fact expressly permitted under 11 U.S.C. § 362(d).

5

**DISCUSSION**

This appeal must be dismissed for lack of standing.

It is appropriate for the Panel to raise the issue of standing *sua sponte*. *S.E.C. v. Basic Energy & Affiliated Res. Inc.*, 273 F.3d 657, 665 (6th Cir. 2001). The lack of standing is a jurisdictional bar to appellate review. *Harker v. Troutman* (*In re Troutman Enters.*), 286 F.3d 359, 364 (6th Cir. 2002). An appellate court must therefore raise the issue of standing *sua sponte* because it is "under an independent obligation to police [its] own jurisdiction." *Basic Energy*, 273 F.3d at 665.

"Appellate standing in bankruptcy cases is more limited than Article III standing or the prudential requirements associated therewith." *Troutman*, 286 F.3d at 364. In order to have standing to appeal a bankruptcy court order, an appellant must be a "person aggrieved" by the bankruptcy court's order. *Fid. Bank, Nat'l Ass'n v. M.M. Group, Inc.*, 77 F.3d 880, 882 (6th Cir. 1996). This doctrine limits standing to those persons who "have been directly and adversely affected pecuniarily by the order . . . . Only when the order directly diminishes a person's property, increases his burdens, or impairs his rights will" an appellant have standing to appeal. *Id.*; *Travelers Cas. & Sur. v. Corbin* (*In re First Cincinnati, Inc.*), 286 B.R. 49, 51 (B.A.P. 6th Cir. 2002) (citations omitted). The burden of proving that a party is a "person aggrieved" is on the appellant asserting standing to pursue an appeal. *Fid. Bank*, 77 F.3d at 882.

Courts rarely find that a chapter 7 debtor is a "person aggrieved" by a bankruptcy court order regarding the disposition of property of the estate. *Monus v. Lambros*, 286 B.R. 629, 634 (N.D. Ohio 2002).

> The advent of the chapter 7 estate and the appointment of the chapter 7 trustee divest the chapter 7 debtor of all right, title and interest in nonexempt property of the estate at the commencement of the case. Since title to property of the estate no longer resides in the chapter 7 debtor, the debtor typically lacks any pecuniary interest in the chapter 7 trustee's disposition of that property.

*Spenlinhauer v. O'Donnell*, 261 F.3d 113, 118 (1st Cir. 2001) (citing 11 U.S.C. §§ 541(a) and 704(a)); *see also* 11 U.S.C. § 323. Pursuant to 11 U.S.C. § 727, the chapter 7 discharge releases the debtor from all personal liability for his debts. These Bankruptcy Code sections work together to greatly restrict a chapter 7 debtor's standing to appeal an order from the bankruptcy court. "[A] hopelessly insolvent debtor does not have standing to appeal orders affecting the size of the estate, since such an order would not diminish the debtor's property, increase his burdens, or detrimentally affect his rights." *In re El San Juan Hotel*, 809 F.2d 151, 154-55 (1st Cir. 1987) (citations omitted). As a result, the chapter 7 trustee is often the only party who has standing to appeal an order that impacts the disposition of property of the estate. *Richman v. First Woman's Bank* (*In re Richman*), 104 F.3d 654, 657 (4th Cir. 1997).

> There are two exceptions to a chapter 7 debtor's limited standing:
>> (1) if the debtor can show that a successful appeal would generate assets in excess of liabilities, entitling the debtor to a distribution of surplus under Bankruptcy Code 726(a)(6), . . . or (2) the order appealed from affects the terms of the debtor's discharge in bankruptcy.

*Kowal v. Malkemus* (*In re Thompson*), 965 F.2d 1136, 1144 n.12 (1st Cir. 1992) (citations omitted). If the debtor fails to present concrete evidence that either exception applies, he does not have standing to challenge a bankruptcy court order. *United States v. Jones*, 260 B.R. 415, 418 (E.D. Mich. 2000).

The Debtor lacks standing to appeal the Stay Relief Order. Here, the Real Property is property of the bankruptcy estate. As explained by the Bankruptcy Court, the property of the estate will only be abandoned to the Debtor upon the closing of the Debtor's bankruptcy case, and that bankruptcy case has not yet closed. *Brown v. Kondaur Capital Corp.* (*In re Brown*), Bankr. No. 11-60762, Adv. No. 12-2059, 2013 WL 1010359 at *4 (Bank. S.D. Ohio, March 13, 2013). Under these circumstances, the Debtor has no standing to appeal an order, like the Stay Relief Order, that affects the disposition of property of the estate unless the Debtor can show: (1) that a successful appeal

would lead to the distribution of a surplus or; (2) that the Stay Relief Order somehow affects the Debtor's discharge.

Neither exception applies to this case. First, the value of the Real Property is insufficient to pay off the debt attached to it. Therefore, the Debtor has no equity in the Real Property, and there is no chance that a successful appeal of the Stay Relief Order could somehow lead to the distribution of a surplus to the Debtor. Second, the Stay Relief Order lifts the automatic stay only with regard to the Real Property, and does not affect the Debtor's discharge in any way. Consequently, the Debtor cannot show that he is a person aggrieved with standing to appeal.

Similarly, Tonya Brown, the Debtor's non-debtor spouse, lacks standing to appeal the Stay Relief Order. Though Tonya Brown may be a co-debtor under the Note and may be a co-owner of the Real Property, there is no co-debtor automatic stay in Chapter 7 cases. The Stay Relief Order thus did nothing to affect Tonya Brown's rights, because there was never any stay in place with regards to her interest in the Real Property. Consequently, she is not a person aggrieved with standing to appeal the Stay Relief Order.

## CONCLUSION

For the foregoing reasons, the Panel dismisses this appeal for lack of standing.[2]

---

[2]Having dismissed this appeal for lack of standing, the Panel will decline to address the other issues raised by the parties to this appeal.